(Decided May 22nd, 1863.)

---

MONTGOMERY JOHNS, SURVG. EXC'R OF JOHN JOHNS, ET AL., *vs.* JOHN TOLLY JOHNS.

A RE-ARGUMENT of a case decided by this Court, will not be granted after judgment is entered, unless some member of the Court who concurred in the judgment, afterwards doubts the correctness of his opinion and desires

a further argument on the subject; and when that is the case, it will be ordered without waiting for the application of counsel.

APPEAL from the Circuit Court for Baltimore City :

This was a motion and petition for a re-hearing filed April 10th, 1863, in a cause heretofore decided in this Court, by the affirmance of a decree of the Circuit Court for Baltimore City, (KREBS, J.,) resulting from an equal division of this Court upon the points then in controversy.

The motion was submitted to the Court, BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J., without argument.

*R. Johnson* and *Wm. Schley,* for the motion :

*I. Nevett Steele* and *S. H. Tagart,* against the motion :

BOWIE, C. J., delivered the opinion of this Court :

In announcing the decision in *Kent vs. Waters,* 18 *Md. Rep.,* 53, upon a similar application, this Court expressed its intention to adhere to the rule adopted by the Supreme Court of the United States in the case of *Brown vs. Aspden,* 14 *Howd.,* 25, viz: "That a re-argument of a case decided by this Court, will not be granted unless a member of the Court who concurred in the judgment desires it, and when, that is the case, it will be ordered without waiting for the application of counsel." Chief Justice Taney in delivering the opinion of the Supreme Court in the case referred to, enters at large into the important and controlling considerations which govern such cases, and in stating the rule of the Court, he states incidently its reason thus: "No re-argument will be heard in any case after judgment is entered, unless some member of the Court who concurred in the judgment afterwards *doubts the correctness of his opinion* and desires a further argument on the subject."

This reason is not embodied in the rule as announced by this Court in *Kent vs. Waters,* but it is not too much to

say, (it is so obviously apparent, that the rule would otherwise seem arbitrary and unmeaning,) that in adopting the rule, this Court also adopted the reason.

The case of *Brown vs. Aspden*, was like the present, a case in which the judgment of the Court below was affirmed by an equal division of the Supreme Court, there being but eight members present.

Adverting to this feature of the case, the Chief Justice remarks: "It is true that the decree of affirmance in this Court in the case before us, was upon an equal division of the members composing the Court at the time of the argument, eight being present. But the case was fully heard, more than a week being occupied in the arguments of counsel. And when upon conference and a full interchange of opinion, it was found that the Court was divided, the case was held over until the present term, in order that each member of the body might have an ample opportunity of investigating the subject for himself. This has been done. And when the Court re-assembled, it was found that the opinion of each member of the tribunal was unchanged, and the decree was therefore affirmed by a divided Court."

"Further arguments would be a mere wast of time, when opinions have been formed after so much argument and such deliberate examination. Nor, is the circumstance, that a decree is affirmed by a divided Court, any reason for ordering a re-argument before a full bench, in any case. * * * * The case before us is certainly an important one in its principles and in the amount in dispute. But there are many cases on the docket at every term of the Court, much more important in both respects. And if it is to be understood that cases of this description are not to be finally decided without the concurrence of a majority of the whole bench, it would be an useless consumption of time to hear them in the absence of any one Judge, because it would be uncertain whether a judgment could follow after the argument. And it is easy to foresee the inconvience, delay and expense to which a practice of that

kind would subject the parties, and the uncertainty and confusion it would produce (to the great injury of other suitors) in the order of business as it stands on the docket of this Court."

It is unnecessary to recapitulate the circumstances of the late argument. The coincidence in the main features of the case cited, and that under consideration, is so striking, that we prefer to use the language and reasoning of the learned and venerable Chief Justice, rather than make any strictures of our own. In the case of *Goverman vs. Spencer*, 7 *Md. Rep.*, 214, in which the decree below was affirmed by a divided Court, this Court decided: "Although opinions representing the views of the different judges have been prepared, the whole Court think it proper not to file them, for they determine nothing which would govern any future case; and, therefore, would, in all probability, lead to misapprehension hereafter. In future, in all cases of a divided Court, a similar practice will be pursued." It is to be presumed, the Court did not in arriving at this conclusion, overlook the constitutional provisions of Art. 4, sec. 2, in relation to its organization, that "in every case decided, an opinion in writing shall be filed," but that, interpreting the clause, as applicable to cases in which there was a concurrence of a majority of the quorum, where the opinion would decide future cases, and as not applying to cases where there was a want of concurrence, and the opinions would be nullities, they held the latter to be out of the constitutional provision. The affirmance of the decree or judgment below, being a legal result, or necessary consequence of the equal division of the appellate Court, it may well be doubted, whether there was any decision by the latter, in legal contemplation. The opinion in writing, required to be filed, is the opinion or mind of the Court, considered as a unit, not as consisting of several conflicting minds, and when that unity does not exist in the minds of a majority of the Court or quorum, there is no decision of the Court, but the

judgment or decree below stands affirmed, because the appellant has not succeeded in maintaining his motion to reverse. It is almost a solecism to say, an equal division, or disagreement on any point, is a decision.

As to the matters of fact, stated in the affidavit, filed since the motion, they are such as should be submitted to a Court of original, and not appellate, jurisdiction. There is no precedent to warrant the granting of the application. This Court is unwilling to establish one, so full of dangerous consequences.

*Motion over-ruled and petition dismissed.*

